

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,378-01

### EX PARTE ARTURO ORTIZ JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 12-4-26541-D-1 IN THE 377TH DISTRICT COURT
### FROM VICTORIA COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of a controlled substance and sentenced to 25 years in prison. He did not appeal his conviction.

Applicant alleges that the State extended a 15-year plea-offer, that Applicant accepted the offer, that counsel failed to timely relay Applicant's acceptance of the offer, that the 15-year plea-offer expired, and that Applicant later accepted a 25-year plea-offer because the 15-year plea-offer was no longer available to him. He complains that his trial counsel provided ineffective assistance regarding Applicant's desire to accept the 15-year plea-offer. *Strickland v. Washington*, 466 U.S. 668

(1984); *Lafler v. Cooper*, 132 S.Ct. 1376 (2012); *Missouri v. Frye*, 132 S.Ct. 1399 (2012).

Applicant has alleged facts that, if true, might entitle him to relief. There is no response from trial counsel addressing the claim in the habeas record forwarded to this Court. The trial court finds, "[T]here are no disputed, previously unresolved issues of fact material to the legality of [Applicant's] confinement," and it recommends denying habeas relief. The findings and recommendation, however, are not supported by the habeas record, and the only issue raised—ineffective assistance of trial counsel—remains unresolved. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall have Applicant's trial counsel respond to Applicant's claim. To do so, the trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim for habeas relief. The trial court shall make findings regarding laches. *Carrio v. State*, 992 S.W.2d 486 (Tex. Crim. App. 1999); *Ex parte Perez*, 398 S.W.3d 206 (Tex. Crim. App. 2013). The trial court may also make any other findings that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 30, 2019

Do not publish